## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MANIRUL ISLAM,**

    **Plaintiff,**

                                                    **Case No.:**

**v.**

**PROFESSIONAL DEBT MEDIATION. INC,**
**and TERRACE COURT APARTMENTS, LLC**
**d/b/a VILLAS AT CITY CENTER,**

    **Defendants.**

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, MANIRUL ISLAM (hereinafter referred to as "Mr. Islam" or "Plaintiff"), hereby sues Defendants, PROFESSIONA DEBT MEDIATION, INC. (hereinafter referred to as "PDM") and TERRACE COURT APARTMENTS, LLC d/b/a VILLAS AT CITY CENTER, (hereinafter referred to as "TCA") (collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of

1

debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## COMMON FACTUAL ALLEGATIONS

5. Plaintiff, Manirul Islam ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. TCA is an apartment complex and/or landlord and/or property management company located in Hillsborough County, Florida, which bills and collects rents for apartment homes located in a complex in Hillsborough County, Florida (the "Apartment Complex").

7. PDM is a debt collector because it is a debt collection company that regularly tries to obtain payment of consumer debts through legal proceedings and regularly attempts to collect those debts.

8. In or around 2019, Plaintiff rented an apartment from and resided at the Apartment Complex pursuant to a lease agreement between the parties (the "Original Lease").

9. The Original Lease expired and Plaintiff became a holdover tenant.

10. On or about January 4, 2020, Plaintiff entered into a new Apartment Lease Contract with TCA (the "Lease"). A true and correct copy of the Lease is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11. Pursuant to the Lease, the lease term was from December 31, 2019 through July 31, 2020.

12. Pursuant to paragraph 3 of the Lease, the lease term would renew automatically on a month-to-month basis after July 31, 2020, until either party gave sixty (60) days written notice of termination of the Lease.

13. Upon the commencement of the Lease, Plaintiff provided TCA with an advance rent payment via check (the "Rent Payment").

14. Plaintiff advised TCA not to cash the advance Rent Payment and to hold it until further instructions so Plaintiff could ensure that there were sufficient funds to cover the Rent Payment.

15. After agreeing to hold the Rent Payment, TCA immediately cashed the check and the check bounced for insufficient funds.

16. Plaintiff was understandably upset that the check was cashed prematurely and without his specific approval, especially after TCA agreed to hold the Rent Payment until further notice.

17. Plaintiff and TCA's apartment manager had an argument regarding the premature cashing of the check.

18. As a result of the argument, TCA unilaterally decided to terminate the Lease and evict Plaintiff.

19. TCA sent Plaintiff a termination notice on or about January 28, 2020.

20. Only a week later, on or about February 7, 2020, TCA filed an eviction action against Plaintiff (the "Eviction Action").

21. After being served with the Eviction Action, Plaintiff immediately vacated the apartment on or about February 14, 2020.

22. Thereafter, TCA never pursued the Eviction Action. The Eviction Action was never resolved, and no eviction or judgment was ever entered, including any judgment for attorney's fees and/or costs.

23. Indeed, TCA has not made any filings in the Eviction Action since Plaintiff vacated the apartment.

24. No attorney's fees or other monetary award was ever made in the Eviction Action or otherwise.

25. On or about March 12, 2020, Plaintiff received a "Statement of Security Deposit Accounts" (the "Demand Letter") from TCA attempting to collect $2,276.97, from the Plaintiff. The Demand Letter is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

26. The Demand Letter included a charge to the Plaintiff for a "Lease Termination Fee" in the amount of $1,043.00. The Lease does not contain a provision allowing TCA to collect a Lease Termination Fee.

27. The Demand Letter also included a charge to the Plaintiff for "Legal Fees / Eviction Fees" in the amount of $495.00. The Lease and Florida law only award attorney fees and costs to the prevailing party when pursuing an eviction action. There was no prevailing party and no court order stating that TCA could collect legal fees from the Plaintiff.

28. The Demand Letter also informed the Plaintiff that his account was turned over to a collection company.

29. On or about July 16, 2020, Professional Debt Mediation ("PDM"), on behalf of TCA, sent a collection letter to Plaintiff demanding payment in the amount of $2,276.97 (the "Collection Letter"). The Collection Letter is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

30. The Collection Letter demands payment for the previously referenced $1,043.00 lease termination fee as well as the $495.00 for legal fees/eviction fees.

31. The Lease does not give the Defendants authority to demand and collect these improper charges.

32. It is clear that Plaintiff does not owe the charges sought in the Demand Letter or the Collection Letter.

33. The amounts sought in the Demand Letter and Collection Letter (the "Alleged Debt") are improper, wrongful, illegal and not owed by Plaintiff.

34. Defendants knew they had no right to collect the Alleged Debt or send the inaccurate Demand Letter or Collection Letter to Plaintiff.

35. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Mr. Islam vs. Professional Debt Mediation, Inc. "PDM")
### (Violation of the FDCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

37. This is an action against PDM for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

38. The Alleged Debt, a post-eviction debt, or Consumer Debt, at issue in this action is consumer debt within the meaning of the FDCPA. This is so because it was incurred to rent and maintain Plaintiff's residential real property and thereby created an obligation for Plaintiff to pay money arising out of a transaction in which the money, that is the subject of the rent transaction, was primarily for personal, family, or household purposes.

39. Plaintiff is a natural person that was the borrower of and obligated to pay the Consumer Debt.

40. PDM is a debt collector within the meaning of the FDCPA. This is so because:

    a. PDM is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Collection Letter; and

    b. PDM's principal business purpose is the collection of debts, as PDM regularly sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Consumer Debt on behalf of TCA in this action; and

    c. PDM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Collection Letter on behalf of TCA in this action.

41. The Collection Letter is an attempt to collect the Alleged Debt.

42. The Collection Letter included charges in the amount of $1,043.00 for a "lease termination" fee that is not mentioned as a potential charge in the Lease as well as a charge for $495.00 in "legal fees/eviction fees" even though said fees were not awarded in the Eviction Action or authorized in the Lease or under Florida Law.

43. PDM had actual knowledge of the Collection Letter seeking and wrongful amounts because of their business records as well as the business records of the TCA, including the Lease and the records in the Eviction Action which are a matter of public record, yet still knowingly sent, or caused to be sent, the Collection Letter.

44. The illegal amounts sought in the Collection Letter are substantial and material.

45. The Collection Letter is misleading because it gives a false impression of the character and/or amounts of the Alleged Debt.

46. The Collection Letter hides the true character and/or amounts of the Alleged Debt and/or impairs Plaintiff's ability to knowledgeably assess the validity of the Alleged Debt.

47. The Collection Letter is a false representation as to the correct legal amounts owed regarding the Alleged Debt and an attempt to collect illegal lease termination fees, legal fees and costs.

48. As a result of PDM's conduct as described in attempting to collect illegal lease termination fees and attorney's fees and costs in the Collection Letter, PDM has violated 15 U.S.C. §1692(d), 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A)and(B), 15 U.S.C. §1692(e)(10), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1) which provide:

> *§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt; or*
> *(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

49. As a result of PDM's debt collection misconduct as described herein, the Plaintiff has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

50. The Plaintiff is: (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Islam, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## **COUNT II**
**(Mr. Islam vs. Professional Debt Mediation, Inc. "PDM")**
**(Violation of the FCCPA)**

51. Plaintiff incorporates Paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

52. This is an action against Defendant, PDM, for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

53. At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA, namely rental fees and other associated fees related to Plaintiff's rental of the apartment; and (c) Plaintiff is a 'person' within the meaning of the FCCPA.

54. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes, namely purported fees related to Plaintiff's rental apartment home.

55. PDM is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

56. At all times material hereto, the agent(s) or employee(s) of PDM acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of PDM.

57. PDM engaged in consumer debt collection activities against Plaintiff in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

58. The Debt Collection Conduct includes PDM's wrongful attempts to collect the Alleged Debt from Plaintiff.

59. The Debt Collection Conduct includes the Collection Letter PDM sent to Plaintiff.

60. The Collection Letter constitutes "communication" as defined by Florida Statutes, §559.55(5).

61. PDM's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

62. PDM's business practices and actions were either intentional or grossly negligent.

63. As a result of the Debt Collection Conduct and PDM's violation of the FCCPA, Plaintiff has been damaged, and PDM is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

64. Plaintiff has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

65. Plaintiff (a) is entitled to collect his attorney's fees and costs pursuant to Florida Statutes §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

66. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, MANIRUL ISLAM, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## COUNT III
### (Mr. Islam vs. Terrace Court Apartments, LLC ("TCA"))
### (Violation of the FCCPA)

67. Plaintiff incorporates Paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

68. This is an action against Defendant, TCA, for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

69. At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA, namely rental fees and other associated fees related to Plaintiff's rental of the apartment; and (c) Plaintiff is a 'person' within the meaning of the FCCPA.

70. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes, namely purported fees related to Plaintiff's rental apartment home.

71. TCA is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

72. At all times material hereto, the agent(s) or employee(s) of TCA acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of TCA.

73. TCA engaged in consumer debt collection activities against Plaintiff in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

74. The Debt Collection Conduct includes TCA's wrongful attempts to collect the Alleged Debt from Plaintiff.

75. The Debt Collection Conduct includes TCA sending the Demand Letter to Plaintiff, seeking to collect the lease termination fee along with legal fees/eviction fees all while knowing that Plaintiff did not owe the amounts sought therein.

76. The Debt Collection Conduct includes TCA's instruction to PDM to send the Collection Letter to Plaintiff, all while knowing that Plaintiff did not owe the amounts sought therein.

77. The Demand Letter and the Collection Letter both constitute "communication" as defined by Florida Statutes, §559.55(5).

78. TCA's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

79. TCA's business practices and actions were either intentional or grossly negligent.

80. As a result of the Debt Collection Conduct and TCA's violation of the FCCPA, Plaintiff has been damaged, and TCA is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

81. Plaintiff has suffered injuries, including but not limited to negative remarks on credit, emotional distress, and anxiety attacks.

82. Plaintiff (a) is entitled to collect his attorney's fees and costs pursuant to Florida Statutes §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

83. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, MANIRUL ISLAM, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

FLORIDA CONSUMER LAWYERS

By: / s /    Sami Thalji
Sami Thalji, Esquire, Lead Trial Counsel
Florida Bar No.:165913
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: service@floridacl.com
Counsel for Plaintiff